UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
CELESTE WATTS,

                Plaintiff,                        MEMORANDUM & ORDER
                                                                     06-CV-2156 (NGG) (LB)

           - against -

SERVICES FOR THE UNDERSERVED

                Defendant.
----------------------------------------------------X
GARAUFIS, United States District Judge.

## I. INTRODUCTION

Celeste Watts ("Plaintiff" or "Watts") filed this employment discrimination action against Services for the Underserved ("Defendant" or "SUS") on May 4, 2006, pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17. (Compl. at 1.) SUS now moves to dismiss Watts's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss at 1.) For the reasons set forth below, SUS's motion is GRANTED.

## II. BACKGROUND

The following factual allegations in the Complaint and Affidavits are accepted as true for the purpose of resolving this motion to dismiss. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). Watts identifies herself as "American Black." (Compl. at 15.) For more than 17 years, Watts was employed at SUS, an organization that provides residential and support services for individuals with special needs, including the elderly and mentally disabled. When she first joined SUS, Watts was a secretary, and she was later given the new title

1

of "secretary/program specialist." (Id. at 4, 21.) Watts reports that she took a two-week vacation in early August 2004, and when she returned to work on August 17, 2004, the former SUS program manager told her that she might be transferred to another unit within the company due to budgetary constraints. (Id. at 21.) No action was taken until two weeks thereafter, on August 30, 2004, when an assistant manager called Watts into an office and presented Watts with a letter advising her that, effective as of that date, her title was being changed from "secretary/program specialist" to "program specialist" and that she would be "put[] out on the floor with the mentally challenged." (Id. at 4, 21.) That letter, dated August 26, 2004 but given to Watts on August 30, 2004, stated that Watts's scheduled hours were to remain the same after the reassignment but that she would, as of August 30, 2004, be required to report to the morning supervisor for new tasks. (Id. at 20.)

On March 21, 2005, Watts completed an Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her color and religion. (Id. at 15.) In particular, Watts alleges that she was reassigned because she fell out of favor with her supervisor and also because of her two-week-long vacation. (Id. at 16.) On April 21, 2005 and August 26, 2005, the EEOC informed Watts by letter that she had "failed to establish a prima facie case" of discrimination. (Id. at 13.) Again, by letter dated March 2, 2006, EEOC Supervisory Investigator William Lai ("Lai") wrote to Watts that she "had failed to provide any information to establish a prima facie case of employment discrimination," noting that "[t]here is no evidence to show that the treatment accorded to you was due to your color, religion or any other bases covered by the laws enforced by the EEOC." (Id. at 6.) Lai further informed Watts that, both because of the failure to submit any information establishing a

2

violation of law and because further investigation was unlikely to find any such violation, the Commission had decided to dismiss its investigation of the case.

Subsequently, on or about May 4, 2006, Watts commenced the instant proceeding against SUS, alleging that SUS's reassignment of her was based on her color and religion. (Id. at 15.) SUS moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.   LEGAL FRAMEWORK

### A.   Motions to Dismiss

When deciding a motion to dismiss filed pursuant to Rule 12(b)(6), a court must read the complaint liberally, assume that the allegations in the complaint are true, and draw all reasonable inferences in the plaintiff's favor. See Todd v. Exxon Corp., 275 F.3d 191, 197-198 (2d Cir. 2001). A complaint will survive a motion to dismiss only if it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct 1955, 1974 (2007) (discussing and affirming Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). Thus, a court must consider not whether a plaintiff will ultimately succeed, but whether he or she is "entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Court papers that may be considered when evaluating a motion to dismiss include any written instrument attached to the complaint as an exhibit and any statements or documents incorporated in the complaint by reference. Fed. R. Civ. P. 10(c).

### B.   Employment Discrimination Cases

The Supreme Court has explained that a plaintiff asserting an employment discrimination claim need not plead facts establishing each element of a prima facie case in order to survive a

motion to dismiss, but rather must merely allege facts sufficient to satisfy the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Swierkiewicz, 534 U.S. at 512. That is, to survive a motion to dismiss, a plaintiff need provide only a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2); see also Braphman-Bines v. N.Y. City Police Dep't., No. 03 Civ 10207 (KMK), 2004 U.S. Dist. LEXIS 26416, at *14 (S.D.N.Y. Jan. 3, 2005) ("Under Swierkiewicz, Rule 8 pleading is extremely permissive.").

Even under this the liberal pleading standard, however, it must be clear from a complaint "what adverse employment action or actions serve as the basis for [a plaintiff's] . . . discrimination claim [thereby] giving fair notice in [the] complaint of the grounds upon which [a] claim that those actions were discriminatory rests." Galvez v. N.Y. Mortg. Co. LLC., No. 05 Civ. 2365 (DLC), 2005 U.S. Dist. LEXIS 19053, at *11 (S.D.N.Y. September 1, 2005).

### C. Pro Se Cases

Because Watts proceeds *pro se*, I judge her pleadings by a more lenient standard than that applied to a "complaint submitted by counsel." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [the *pro se* party's] supporting papers liberally, and will interpret them to raise the strongest arguments they suggest."); Hamlin v. Mitchelson, 794 F.2d 834, 838-39 (2d Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) for the principle that *pro se* pleadings are given a liberal construction).

In addition, I may consider the facts set forth in a *pro se* plaintiff's opposition papers to a motion to dismiss as part of the pleadings when making my decision. See Samuels v. Stone, No. 98 Civ. 776 (WHP), 1999 U.S. Dist. LEXIS 12582, at *14 n.1 (S.D.N.Y. Aug. 17, 1999) (citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)); see also Amofa v. Bronx-Lebanon Hosp.

Ctr., No. 05 Civ. 9230 (SHS), 2006 U.S. Dist. LEXIS 83199, at *6-7 (S.D.N.Y. Nov. 13, 2006) (considering plaintiff's race in evaluating a motion to dismiss his employment discrimination claim even though his race was stated only in an affidavit he submitted in opposition to a motion to dismiss).

IV. ANALYSIS

SUS argues that the Complaint does not give sufficient notice of Watts's claim and the ground upon which it rests, as required by Fed. R. Civ. Pro. 8(a) and Swierkiewicz. I agree that, given Watts's pleadings, this argument suffices to dismiss her Complaint.

In Swierkiewicz, a case involving allegations of age and national-origin discrimination, the complaint "easily satisfie[d] the requirements of Rule 8(a)" because it "detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." Swierkiewicz, 534 U.S. at 514. Employment discrimination cases decided in the Second Circuit after Swierkiewicz similarly require a modicum of facts regarding the adverse action and the disparate treatment involved. See, e.g., Hinds v. Pathmark Stores, Inc., 04-CV-3722 (FB), 2005 U.S. Dist. LEXIS 13650, at *4 (E.D.N.Y. June 2, 2005) (complaint alleging that a demotion was racially motivated satisfied Rule 8 because it asserted that a white employee was promoted ahead of the complaining black employee despite having less seniority, in violation of a collective bargaining agreement); Johnson v. Trs. of Columbia Univ. In N.Y., No. 00 Civ. 8118 (WK)(RLE), 2003 U.S. Dist. LEXIS 7201, *14 (S.D.N.Y. April 5, 2003) (complaint alleging race and age discrimination based on defendant's failure to hire plaintiff met the Swierkiewicz standard because it stated that plaintiff was a member of a protected group, described the process

by which plaintiff applied for a specific job and described the actions of the defendant).

By contrast, employment cases in which plaintiffs do not state any details about an adverse employment action but merely assert the conclusion that they were discriminated against fail to meet the liberal pleading standard of Rule 8.  See, e.g., Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 99 (E.D.N.Y. 2004) (complaint alleging racial discrimination by defendant-employer was dismissed as conclusory because it lacked factual support as to "the grounds upon which [the complaint] rests," although it provided "fair notice of what the plaintiff's claim is") (citing Swierkiewicz at 512); Theresa Gadson v. Long Island Jewish Hospital, 2007 WL 879654, at * 14 (E.D.N.Y. March 21, 2007) (Garaufis, J.).  In the instant case, Watts fails to meet the Rule 8 pleading standard, as adopted by Swierkiewicz, because she neglected to plead any facts regarding "the events leading to [reassignment], provid[e] relevant dates, [or] includ[e] the . . . nationalities of at least some of the relevant persons involved with [her reassignment]." Swierkiewicz, 534 U.S. at 514.

I find Watts's allegations of discrimination based on her color and religion throughout her complaint to be conclusory and wholly unsupported.  In the first place, Watts has failed to allege that she was adversely affected by SUS's decision to reassign her to working in a different unit of the facility in which she would have to work with residents directly.  The letter advising her of the reassignment specifically told her that she would retain the same work schedule and that her work title would stay substantially similar; furthermore, there is no allegation that Watts's salary was cut.  See, e.g., Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir.1999) (holding that, in an employment discrimination case, a plaintiff has the burden at the outset to prove, by the preponderance of the evidence, an adverse employment action, inter alia.)

Second, she fails to make any mention at all about what her religion, in fact, is; nor does she state the religion of any of her former colleagues or supervisors. Finally, with regard to discrimination based both on Watts's color and religion, the complaint fails to allege even one fact tending to show that show that SUS took her religion or color into account in making the decision to reassign her.

Watts further alleges that SUS made the reassignment decision "without first meeting with me, which was disrespectful to me." (Compl. at 4.) This assertion does not state a cause of action because it does not allege discrimination on the basis of "race, color, religion, sex, or national origin." Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1994). That claim must therefore also be dismissed.

## V.     CONCLUSION

For the reasons set forth above, SUS's motion to dismiss is GRANTED with respect to Watts's claim of discrimination based on color and/or national origin.


SO ORDERED.

Dated: June 6, 2007  /s/ Nicholas G. Garaufis  
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS  
      United States District Judge